People v Loja-Llivicota (2017 NY Slip Op 01568)





People v Llivicota


2017 NY Slip Op 01568


Decided on March 1, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2013-03171
 (Ind. No. 11-00469)

[*1]The People of the State of New York, respondent, 
v
Segundo Loja- Llivicota, appellant.


James D. Licata, New City, NY (Ellen O'Hara Woods of counsel), for appellant.
Thomas P. Zugibe, District Attorney, New City, NY (Itamar Yeger of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered February 26, 2013, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
ENG, P.J., LEVENTHAL, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court